IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TANYA KAY ANDERSON,

                 Petitioner,                      OPINION AND ORDER

       v.

                                                  14-cv-349-bbc

                                                    12-cr-116-bbc

UNITED STATES OF AMERICA,

                 Respondent,

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Tanya Kay Anderson has filed a timely motion for post conviction relief under 28 U.S.C. § 2255, contending that she was denied the effective assistance of counsel when she was charged and convicted in this court of bank robbery.  Petitioner was convicted in 2013 of bank robbery in violation of 18 U.S.C. § 2113(a) and sentenced to a custodial term of 46 months.  She contends that she was denied the effective assistance of counsel. Although she was represented by an assistant federal defender, she says that counsel visited her only twice while she was in jail awaiting resolution of her case, failed to investigate the circumstances of petitioner's 2007 automobile accident and the effect of the brain injury she suffered in the accident, did not make any effort to obtain the medical records relating to the injury, but told petitioner that if she emphasized her injuries, the court would think she was trying to avoid accepting responsibility for her crime.  In addition, petitioner complains

1

that her counsel did not take the steps necessary to see that petitioner's presentence investigation report included the changes petitioner wanted, that her counsel was terminated from her position and that another assistant federal defender took over her representation but was unprepared to represent petitioner at her sentencing.

In a separate claim, petitioner alleges that she has serious health problems that are not being treated at the Carswell Federal Medical Center where she is housed.   As I explained to petitioner in the order setting briefing on her motion, dkt. #2, 14-cv-349-bbc, her concerns about her health care are not the proper subject of a motion for post conviction relief.  The only way in which she can sue for allegedly inadequate health care in a federal prison is to bring an action under Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971), naming the individuals she thinks have denied her the care she needs.  If she does file such a case, she must file it in the district in which the defendants reside, explaining what each named defendant has done or failed to do to treat her properly.

Petitioner did not appeal from her conviction and sentence but that failure is irrelevant because she is challenging the effectiveness of her appointed counsel.  Such a challenge is better brought in a motion for post conviction relief because it tends to involve matters outside the trial record.  Massaro v. United States, 538 U.S. 500, 504 (2003)("in most cases a motion brought under § 2255 is preferable to direct appeal for deciding claims of ineffective assistance"; trial record is rarely developed for object of litigating claim of ineffectiveness and is often incomplete or inadequate for that purpose.).

2

Petitioner is not contesting her conviction or seeking to have her plea invalidated. She does not seem to be arguing that her brain injuries were so severe as to render her incapable of making the decision to commit the bank robbery.  Rather, she seems to be saying that her sentence would have been less severe had her counsel visited her more often, looked more closely into her medical files and obtained copies for the court and persuaded the probation office to interview more family members in connection with the presentence investigation and if her substitute counsel had been better prepared at sentencing.

OPINION

Strickland v. Washington, 466 U.S. 668 (1984), governs petitioner's claim that she was denied the effective assistance of counsel in violation of the Sixth Amendment.  Not surprisingly, the right to constitutionally effective representation does not extend to having the best assistance available or to an error-proof representation.  Instead, the Court said, the criminal defendant's right is to representation that does not fall below an objective standard of reasonableness, that is, that it is not deficient.   Making a showing of deficient representation requires a "showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant under the Sixth Amendment."  Id. at 687.  It is not enough simply to allege "ineffectiveness"; a defendant must "establish the specific acts or omissions of counsel that he believes constituted ineffective assistance" and from which the court can "determine whether such acts or omissions fall outside the wide range of professionally competent assistance."  Wyatt v. United States, 574 F.3d 455, 458

3

(7th Cir. 2009) (citing <u>Coleman v. United States</u>, 318 F.3d 754, 758 (7th Cir. 2003)).

In addition, the defendant alleging ineffective assistance must show that she was prejudiced by the deficient performance. <u>Strickland</u>, 466 U.S. at 687. In other words she must tie the failure in performance to the outcome of her case.

In this case, however, it is not necessary to consider <u>Strickland</u>'s holding because petitioner cannot support her complaints about the representation she was provided by her appointed attorney. Her claims are contradicted by the record. For instance, she says that her appointed counsel not only failed to visit her, but failed to investigate the facts of her brain injury and told her not to emphasize the brain injury because the court would think she was failing to take responsibility for her crime.

Petitioner's complaint about her counsel's failure to visit may be disregarded because petitioner has not tied it to any deficiency in her representation. Her second and third points are contradicted by the record, which shows that petitioner's first counsel obtained many medical records from a number of hospitals and other medical care providers and gave them to the probation office for its use in preparing petitioner's presentence report. Petitioner has not identified any medical record that counsel did not obtain. The presentence report identifies at least five hospitals or medical centers from which it had records and it includes nine paragraphs detailing petitioner's physical health and medical treatment. Dkt. #22, ¶ ¶ 65-73.

Similarly, petitioner has not shown that she was "abandoned," as she suggests, when her first counsel left the federal defender's office. The record shows that another assistant

4

federal defender, Kelly Welsh, took over petitioner's representation.  Welsh submitted a seven-page sentencing memorandum, dkt. #26, emphasizing petitioner's cooperation with law enforcement upon being arrested near the bank she had robbed, the trauma she had suffered as a child, the injuries to her head while playing sports, falling down stairs, in a motorcycle accident in 1998 and in an automobile accident in 2007, the medication she took for her pain from the automobile accident and the depression she was suffering as a result of financial setbacks and the loss of her partner's job as a police officer.  Welsh emphasized the part that petitioner's brain injuries had played in her nonsensical and out-of-character act of bank robbery.  This was a well-considered approach.  It would have been counterproductive for Welsh to argue that petitioner was so affected by her brain injuries that she could not have planned the bank robbery, given the care that went into the act. (Petitioner wore heavy makeup, dark glasses, a hat and a bright colored construction vest; the costume might not have been very imaginative, but it undercuts any claim by petitioner that the robbery was a spur of the moment idea by an irrational person.)

Petitioner alleges that at sentencing, Welsh told the court to rely on the file because she had nothing to say on petitioner's behalf.  For the purpose of deciding this motion, I will assume that this is true.  Doing so makes no difference to the outcome.  Welsh had no reason to add any additional comments to the thorough and persuasive seven-page statement she had filed on petitioner's behalf in advance of sentencing, when the court could review it at leisure.

As for petitioner's claim that her counsel did not correct the probation office's

5

reliance on her estranged sister's statements about petitioner or make sure that the office talked to other members of petitioner's family, it is refuted by a reading of the presentence report and the letters from family members that were sent to the court in advance of sentencing. The report includes several statements from petitioner's mother as well as from her sister; the letters were sent by petitioner's father, mother and aunt. Petitioner says her counsel should have made other changes in the report, but she has not identified what those changes might be.

In summary, petitioner has produced no evidence of ineffectiveness by counsel and certainly no evidence that any different representation would have changed the result of the sentencing. Petitioner received a sentence of 46 months, which was the bottom of the guideline range for her crime of bank robbery.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a defendant. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). In this case, defendant has not made the necessary showing, so no certificate will issue. Although the rule allows a court to ask the parties to submit arguments on whether a certificate should

issue, it is not necessary to do so in this case because the question is not a close one. Petitioner is free to seek a certificate of appealability from the court of appeals under Fed. R. App. P. 22, but that court will not consider her request unless she first files a notice of appeal in this court and pays the filing fee for the appeal or obtains leave to proceed <u>in forma pauperis</u>.

ORDER

IT IS ORDERED that petitioner Tanya Kay Anderson's motion for post judgment relief under 28 U.S.C. § 2255 is DENIED. No certificate of appealability shall issue. Defendant may seek a certificate from the court of appeals under Fed. R. App. P. 22, as explained above.

Entered this 30th day of September, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge